HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC HOOD,

               Plaintiff,

     v.

SOUTH WHIDBEY SCHOOL DISTRICT,

               Defendant.

CASE NO. C11-2024RAJ

ORDER

This matter comes before the court on two motions from Plaintiff Eric Hood and a motion for a protective order from Defendant South Whidbey School District (the "District"). For the reasons stated herein, the court DENIES Plaintiff's motions (Dkt. ## 46, 61) and GRANTS the District's motion (Dkt. # 50).

Mr. Hood is proceeding in this matter in forma pauperis and without the assistance of an attorney. One of his current motions contains an application to proceed in forma pauperis. The court cannot discern why Mr. Hood filed that application, but it is moot. He is already proceeding in forma pauperis, and has been since the outset of this litigation.

In the motion containing the in forma pauperis application, Mr. Hood requests that the court appoint counsel for him. There is no right to appointed counsel in civil cases. In civil cases involving litigants proceeding in forma pauperis, the court has discretion to appoint counsel, but only in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965,

ORDER – 1

970 (9th Cir. 2009); 28 U.S.C. § 1915(e).  The court must consider the likelihood that the litigant will succeed on the merits as well as the litigant's ability to articulate his claims in light of their complexity.  *Palmer*, 560 F.3d at 970.  The court has considered both of those factors.  It does not find it likely that Mr. Hood will succeed on the merits of his claims, with or without counsel.  It also finds that Mr. Hood has adequately articulated his claims on his own.

This is not Mr. Hood's first motion for appointment of counsel.  The court already referred his first motion to this District's Pro Bono Screening Committee, and the Committee recommended that counsel not be appointed.  After that, Mr. Hood obtained counsel on his own, but his counsel withdrew in March of this year.  The court declines to attempt to find counsel for Mr. Hood a second time.  Mr. Hood may wish to consider the possibility that his inability to find counsel reflects on the merits of his case.

Mr. Hood has also asked to amend his complaint to add claims based on Washington's Public Records Act that are currently pending in Island County Superior Court.  He also hopes to add a claim that the District invaded his privacy by inspecting his work computer after he returned it when he left employment in the District.

It is too late to amend claims in this action.  The court has stayed and continued this case repeatedly, each time at Mr. Hood's request.  In its most recent continuance, the court "emphasize[d] that it w[ould] not delay this case further at his request."  Mar. 19, 2013 ord. (Dkt. # 44) at 1.  The injection of new claims will only cause further delay.  Discovery is set to close on July 1, and Mr. Hood would be well advised to focus on the claims he already has presented, rather than attempting to bring more.  Mr. Hood has already chosen a state court forum for these claims, and the court will hold him to that choice.  Moreover, the new claims are based on state law; even if they were properly before the court, the court would exercise its discretion not to exercise supplemental jurisdiction over them.  *See* 28 U.S.C. § 1367(c).

ORDER – 2

1      Finally, the court turns to the District's motion for a protective order.  That motion

2  seeks relief because, from March 29 to April 10, Mr. Hood propounded three sets of

3  requests for admission ("RFAs") containing nearly 500 separate requests.  One set

4  contains only four RFAs, and the District plans to answer it.  The District asks the court

5  to declare that it has no obligation to respond to the remaining two sets of RFAs.

6      Mr. Hood's RFAs demonstrate more misconceptions about both his own claims in

7  this litigation and the purpose of RFAs than the court will enumerate here.  The RFAs go

8  into excruciating detail about seemingly every document the District has produced in the

9  course of this litigation.  The RFAs ask the District to confirm the contents of documents,

10  a wholly useless exercise.  The RFAs ask the District to confirm the authenticity of the

11  documents it has produced, which is an exercise in tedium.  The District will be hard-

12  pressed to contest the authenticity of documents it produced itself.  Even if there were

13  some reason to doubt this, a single interrogatory likely would have sufficed to determine

14  if there were any disputes over authenticity.  Some of the RFAs seek legal conclusions,

15  which is improper.  Some of the RFA's seek opinions, which is also improper.  The vast

16  majority of the RFAs would appear to have little or no value in advancing this litigation

17  to a resolution.  Put another way, even if the District were to undertake the arduous task

18  of responding to nearly 500 RFAs, Mr. Hood would be no closer than before to bringing

19  this case to resolution.

20      Putting aside the impropriety in the RFAs, their sheer number is absurd.  Asking a

21  litigant to respond to nearly 500 RFAs will almost always create an undue burden, and

22  this case is no exception.

23      The District has also requested at least $2,600 in attorney fees for having to bring

24  its motion for a protective order.  If an attorney had done what Mr. Hood has done, the

25  court would award at least that amount, if not more.  The record reflects that the District's

26  counsel exercised professionalism and considerable patience in attempting to explain to

27

28  ORDER – 3

Mr. Hood that his RFA campaign was improper and unduly burdensome.  Mr. Hood, by contrast, offered no meaningful compromise.  In this instance, the court considers Mr. Hood's lack of familiarity with the law and litigation, and declines to award fees *this time*.  The court emphasizes, however, that if Mr. Hood again chooses abusive discovery tactics, the court will, at a minimum, require him to pay the District's attorney fees.  It may impose more severe sanctions.

To conclude, the court DENIES each of Mr. Hood's motions (Dkt. ## 46, 61) and GRANTS the District's motion for a protective order (Dkt. # 50).  The District need not respond to Mr. Hood's first or third set of RFAs.  The court limits Mr. Hood to propounding 50 RFAs in this litigation.  The District has already agreed to answer four.

DATED this 6th day of May, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4